FILED
United States Court of Appeals
Tenth Circuit

**March 11, 2008**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

KYLE KEITH KILGORE,

Petitioner-Appellant,

v.

THE ATTORNEY GENERAL OF
THE STATE OF COLORADO; AL
ESTEP, Warden,

Respondents-Appellees.

No. 07-1014

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 06-CV-333-ZLW)**

Rudy E. Verner (Geoffrey C. Klingsporn, with him on the briefs), Davis Graham
& Stubbs, LLP, Denver, Colorado, for the Petitioner-Appellant.

Laurie A. Booras, Colorado Attorney General's office, Denver, Colorado, for the
Respondents-Appellees.

Before **LUCERO**, **MURPHY**, and **HARTZ**, Circuit Judges.

**LUCERO**, Circuit Judge.

Kyle Keith Kilgore appeals the district court's sua sponte dismissal of his

28 U.S.C. § 2254 habeas petition.  The court dismissed his petition without

prejudice because Kilgore failed to comply with two prior orders directing him to show that his petition was timely under the one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See § 2244(d). We granted a Certificate of Appealability ("COA") on one issue: whether, in light of Jones v. Bock, 127 S. Ct. 910 (2007), a district court can require a state habeas petitioner to establish in his or her § 2254 application that the application is timely. We hold that the district court cannot dismiss a habeas petition as untimely unless untimeliness is clear from the face of the petition, or unless the state establishes untimeliness as an affirmative defense. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, we **REVERSE** and **REMAND** this case to the district court for further consideration consistent with this opinion.

**I**

In 1994, Kilgore was convicted in Colorado state court, and he subsequently sought various forms of relief in state court, including a direct appeal and postconviction motions. On February 27, 2006, he filed a pro se § 2254 habeas application in federal court, alleging claims of ineffective assistance of trial counsel. He stated in his application that he had filed a direct appeal of his state court conviction as well as several postconviction motions. He also indicated that he had a pending state postconviction proceeding at the time of his petition.

On April 4, 2006, a magistrate judge issued an order directing Kilgore to amend his application to include more complete information about his prior state court appeals and motions. This information was necessary, the magistrate explained, for the court to determine whether Kilgore had exhausted his state remedies, see § 2254(b)(1), and whether his application was timely under AEDPA's one-year limitations period, see § 2244(d). The magistrate warned Kilgore that failure to provide the requested information would result in the dismissal of his application.

Kilgore filed an amended application on May 4, 2006. Finding that Kilgore had failed to provide all of the requested information about his state court proceedings, the magistrate issued an order to show cause why the amended application should not be denied. Specifically, the magistrate found that Kilgore had omitted the dates on which his postconviction motions had been filed, the dispositions and dates of disposition of his proceedings in the trial and appellate courts, and the disposition and date of disposition on certiorari to the Colorado Supreme Court. According to the magistrate, without this information the court could not determine whether the state postconviction proceedings had tolled AEDPA's one-year statute of limitations such that Kilgore's amended

§ 2254 application was timely.[1]  See § 2244(d)(2) (providing that the time during which state postconviction or collateral review is pending shall not count toward the one-year period of limitation).

After receiving three extensions of time to respond to the show cause order, Kilgore filed a response.  Although he offered more information about his prior state court proceedings, he did not provide all the information requested by the court.  Kilgore stated that he had attempted to obtain the necessary documents from the relevant state courts but had not yet received them.  He also provided several dates that differed from those asserted in his previous applications, and he no longer referenced two of his four postconviction motions.

After reviewing Kilgore's response to the show cause order, the district court dismissed the amended application without prejudice for failure to comply with the magistrate's two earlier orders.  In so doing, the court made no findings with respect to the actual timeliness of the petition under AEDPA's one-year statute of limitations.  Moreover, prior to entering its order of dismissal, the court never ordered a response to the petition from the state, and the state never filed an answer.  Following dismissal of his petition, Kilgore filed a notice of appeal in this court, and we issued a COA to address the propriety of the district court's dismissal.

---

[1] The magistrate did find that Kilgore had sufficiently alleged exhaustion of his ineffective assistance of counsel claims in state court, and thus did not require Kilgore to provide more information on that point.

We review the district court's dismissal of Kilgore's petition for failure to comply with a court order for an abuse of discretion. Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003). A district court abuses its discretion when its decision is "based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."[2] Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995).

Kilgore argues that the district court committed legal error in placing the burden of pleading timeliness on him. He contends that the timeliness of his § 2254 application is an affirmative defense and that under Jones, which addressed pleading requirements for 42 U.S.C. § 1983 claims brought by prisoners subject to the Prison Litigation Reform Act ("PLRA"), such defenses must be raised and proven by the government. The state counters that Jones is inapplicable to habeas petitions, and that in the context of habeas, there are exceptions to the rules for raising affirmative defenses. Specifically, it asserts that the Rules Governing § 2254 Cases ("§ 2254 Rules") implicitly place the burden of pleading timeliness on the petitioner.

---

[2] Citing Clark v. Oklahoma, 468 F.3d 711, 713-14 (10th Cir. 2006), Kilgore argues that because his § 2254 application was effectively denied, we should review the court's legal conclusions de novo and its factual findings for clear error. Because the standard of review discussed in that case is essentially the same as an abuse of discretion standard, and because Kilgore prevails even under an abuse of discretion standard, we conclude that this latter standard is appropriate in this case.

**A**

As the Supreme Court recognized in <u>Day v. McDonough</u>, 547 U.S. 198, 202 (2006), the timeliness of a § 2254 petition is an affirmative defense.  As a general rule in civil cases, affirmative defenses, such as the relevant statute of limitations, must be raised by the respondent in its answer or they are forfeited.  <u>See</u> Fed. R. Civ. P. 8(c), 12(b), & 15(a); <u>see also</u> <u>Day</u>, 547 U.S. at 202 ("Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto.  And we would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense." (citation omitted)).

In the usual civil case, this general rule would govern.  But AEDPA provides for exceptions to the Federal Rules of Civil Procedure, and the state contends that these provisions require a petitioner to show that his application is timely.  Our review of this issue is informed by <u>Jones</u>, in which the Supreme Court considered a similar question of heightened pleading burdens under the PLRA.

In <u>Jones</u>, the Supreme Court overruled the Sixth Circuit's requirement that a prisoner alleging a § 1983 claim must demonstrate in his initial complaint that he has exhausted his administrative remedies under the PLRA.  127 S. Ct. at 914.  In doing so, it rejected arguments that the circuit's rule was justified by specific provisions of the PLRA, as well as the general policy behind the statute.  <u>Id.</u> at

919-22. The Court held that although the PLRA provides for initial judicial screening of prisoner actions and sua sponte dismissal on the basis of some affirmative defenses, the statute does not alter the normally applicable rules of civil procedure with respect to the issue of exhaustion. Id. at 919-20. Moreover, the Court refused to entertain the argument that the Sixth Circuit's requirement was necessary to effectuate the purposes of the PLRA, reaffirming "that courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." Id. at 919. In other words, Jones holds that the Federal Rules are to be followed in civil cases, absent some express indication to the contrary in the governing statute.

The state contends that Jones dealt primarily with § 1983 cases, and does not apply in the context of the special statutory scheme governing habeas cases. According to the state, AEDPA and the § 2254 Rules specifically place the burden of pleading on the petitioner. Although we agree that Jones does not directly control our determination, we find its reasoning helpful in evaluating whether the habeas statute places the burden of pleading timeliness on the petitioner.

**B**

In reviewing AEDPA, we find nothing that explicitly places the burden of pleading timeliness on the petitioner or permits sua sponte dismissal for that reason. Although both AEDPA and the PLRA provide for preliminary judicial

screening of habeas petitions, AEDPA does not enumerate the specific circumstances under which a petition is subject to sua sponte dismissal. It sets forth only a general screening scheme, requiring that a court reviewing a petition for a writ of habeas corpus "shall forthwith award the writ or issue an order directing respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto</u>." 28 U.S.C. § 2243 (emphasis added). More specifically, Rule 4 of the § 2254 Rules instructs a district court to conduct a preliminary review of a state habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In addition, Rule 11 of the § 2254 Rules provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Thus habeas proceedings may be exempt in some circumstances from strict application of the Federal Rules of Civil Procedure, but the statute is silent regarding the circumstances presented here.

According to the state, such an exemption is provided in Rule 2(d) of the § 2254 Rules, which requires a habeas petitioner to "substantially follow" the model form appended to the rules or a "form prescribed by a local district-court rule." Both the model form and the form for the District of Colorado call for a petitioner to provide dates relevant to his state postconviction remedies, and the

model form asks the petitioner to explain any failure to comply with the one-year statute of limitations. The state alleges that these forms, as incorporated into Rule 2(d), implicitly place the burden to plead timeliness on the petitioner's shoulders.

We disagree with the state's interpretation of the rule. Rule 2(d) merely establishes that a petitioner must use a standard form when submitting an application for habeas relief; it imposes no affirmative pleading requirements. See generally Bundy v. Wainright, 808 F.2d 1410, 1414 (11th Cir. 1987) ("Petitioner is not required by statute or Rules to attach to his petition or to file a state court record in order to avoid a dismissal for facial insufficiency . . . ."). The requirement that a standard form be used is for the administrative convenience of the court and the parties. Cf. R. Governing § 2254 Cases 2 advisory committee's note ("Administrative convenience, of benefit to both the court and the petitioner, results from use of a prescribed form."). It is Rules 2(a) through 2(c) that set forth the minimum pleading requirements for the content of a petition. See, e.g., R. Governing § 2254 Cases 2(c) ("The petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.").

As we see it, a heightened pleading requirement would be inconsistent with other aspects of the habeas scheme, which recognize the practical difficulties petitioners face in bringing their claims. To provide accurate information about prior state court proceedings, most habeas petitioners are forced to rely on state court records to ascertain the relevant dates and dispositions of their claims. See Pliler v. Ford, 542 U.S. 225, 232 (2004) ("[Timeliness] calculations depend upon information contained in documents that do not necessarily accompany the petitions."). It is not the petitioner, but rather the state that is in the best position to provide this information. Rule 5(d) of the § 2254 Rules recognizes as much by placing the burden of filing the relevant documents on the state, not on the petitioner, at the time it files its answer. See R. Governing § 2254 Cases 5(d) (requiring a state to file, along with its answer, copies of "the opinions and dispositive orders of the appellate court relating to the conviction or the sentence"); Pliler, 542 U.S. at 232 ("[P]etitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records."); see also 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 15.2c at 711 (4th ed. 2001) ("Most petitioners do not have the ability to submit the record with the petition,

and the statute and rules relieve them of any obligation to do so and require the state to furnish the record with the answer.").[3]

Alternatively, the state argues that in Day, the Supreme Court recognized an exception to the usual pleading rules with respect to the defense of timeliness. In that case, the Court was presented with the question of whether a district court may, on its own initiative, dismiss a facially untimely § 2254 petition, despite the fact that the state had forfeited the timeliness defense by failing to raise it in its answer to the petition. 547 U.S. at 202. The Court held that a district court may nevertheless raise the issue of untimeliness and dismiss the petition when it is clear that the petition is, in fact, untimely. Id. at 209-10.

Day does not determine, however, whether a district court may, on its own initiative, dismiss an application as untimely before the state responds and when it is not clear from the face of the application that it is untimely. See id. at 210 ("Nevertheless, if a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge." (emphasis added)). In other words, although Day creates an exception to the general rule of forfeiture, and thus allows a court to consider untimeliness when

_____

[3] At oral argument, the state contended that considerations of which party was in the best position to provide the relevant information constituted the kinds of "perceived policy concerns" the Jones Court rejected as a basis for its decision. See 127 S. Ct. at 919. In Jones, however, the Court held that policy could not justify a departure from the Federal Rules of Civil Procedure. By contrast, we affirm the general rules regarding pleading defenses, informed in part by consideration of factors reflected in the § 2254 Rules themselves.

the state has failed to plead this defense, it does nothing to shift the burden of pleading and demonstrating timeliness onto the petitioner.

## C

In light of the foregoing, we hold that a § 2254 petitioner does not bear a heightened burden of pleading timeliness in his application. Consequently, the court may not dismiss the petition sua sponte simply because it lacks sufficient information to determine whether the application has been timely filed.[4]  A petition's untimeliness must either be pled by the government as an affirmative defense, or be clear from the face of the petition itself.  See Day, 547 U.S. at 209-10; see also Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001) (holding that a district court may dismiss a habeas petition sua sponte "when untimeliness is obvious on the face of the petition"); Hardiman v. Reynolds, 971 F.2d 500, 502-05 (10th Cir. 1992) (holding that a district court may raise state procedural

---

[4] The state urges that the district court could have determined from the face of Kilgore's petition that it was untimely, and thus we should affirm the dismissal.  According to the state, Kilgore's conviction became final on February 11, 1998, but he did not file his application until eight years later.  Therefore, absent statutory tolling, Kilgore's application was untimely.  The state contends that Kilgore bears the burden of pleading that tolling applied, and that he failed to satisfy this burden.  In making this argument, the state relies on cases discussing a petitioner's burden of proof in order to be entitled to equitable tolling.  See Lawrence v. Florida, 127 S. Ct. 1079, 1086 (2007); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).  But these cases do not address whether a petitioner must plead statutory tolling in his application, the real question raised by this case.

- 12 -

default sua sponte in dismissing a habeas petition where it was undisputed that the petitioner did not raise that issue on direct appeal).

In the present case, Kilgore's application indicated that his prior state court postconviction proceedings may have tolled AEDPA's statute of limitations, and thus his application may have been timely. Because Kilgore's petition was not clearly untimely, the district court's options were to grant the writ, order a response from the state, or deny the petition for some other reason evident from the face of the petition. See 28 U.S.C. § 2243. By erroneously placing the burden to plead timeliness on Kilgore, the district court committed legal error. Consequently, we conclude that it abused its discretion.

## III

We **REVERSE** the district court's decision to dismiss this case and **REMAND** for further proceedings consistent with this opinion.