**UNITED STATES COURT OF APPEALS**

**March 14, 2008**

**TENTH CIRCUIT**

GUADALUPE RUBIO-DIAZ,

     Petitioner-Appellant,

v.

KEVIN MILYARD, S.C.F. Warden;
COLORADO ATTORNEY
GENERAL,

     Respondents-Appellees.

No. 07-1355
(D.C. No. 07-cv-00990-ZLW)
(D. Colo.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

     Guadalupe Rubio-Diaz, a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 application for habeas relief.  For substantially the same reasons

set forth by the district court, we **DENY** a COA and **DISMISS** the appeal.

     Rubio-Diaz was convicted in Colorado state court in 1992, and his

conviction was affirmed on appeal in 1993.  In 2004, he filed a motion in state

court challenging the validity of his sentence.  These postconviction proceedings

ended on July 10, 2006, when the Colorado Supreme Court denied a writ of

certiorari.  Rubio-Diaz then sought habeas relief in federal district court under § 2254 in April 2007.

Upon receipt of Rubio-Diaz's petition, a magistrate judge issued an order to show cause why the application was not untimely under the one-year limitation period in § 2244(d).  In the order, the magistrate determined that the limitation period began to run on April 24, 1996.[1]  Because Rubio-Diaz did not allege that he had filed any postconviction motions between 1996 and 2004 that might have tolled the period, the magistrate concluded that, based on the face of the application, the one-year period had expired.[2]

In his response to the order to show cause, Rubio-Diaz did not contest the magistrate's calculations.  Instead, he contended that he was entitled to equitable tolling because:  (1) He could not read, write, or speak English at the time of his offense, and was thus dependent on others to assist in his appeals; (2) He was incarcerated in a prison outside of Colorado after his direct appeal and until 1998, and therefore could not access Colorado courts during that time; (3) Only in July

---

[1] Rubio-Diaz's conviction became final before the one-year limitation period was enacted into law on April 24, 1996. "[F]or prisoners whose convictions became final before April 24, 1996, the one-year statute of limitation does not begin to run until April 24, 1996." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).  Rubio-Diaz did not allege that any other date should be used to calculate the limitation period.  See § 2244(d)(1)(B)-(D).

[2] The district court's decision is consistent with our recent opinion, Kilgore v. Estep, ___ F.3d ___, 2008 WL 638727, at *5 (10th Cir. Mar. 11, 2008), in which we held that a court may dismiss a § 2254 habeas petition sua sponte if the petition is clearly untimely on its face.

2004 did he discover that he had an arguably meritorious claim; (4) He was not adequately advised of his rights under the Uniform Commercial Code when he entered his guilty plea; (5) The purpose of the one-year period of limitation is to prevent relitigation of stale cases, but he attacks a present conviction and sentence; and (6) Because he raises jurisdictional claims, the one-year bar should not apply.

The district court concluded that none of these arguments warranted equitable tolling. Finding that Rubio-Diaz's motion was time barred, the district court dismissed his petition and denied a COA. The court also denied his motion to reconsider and his request to proceed on appeal in forma pauperis. Rubio-Diaz now seeks a COA from this court.

Rubio-Diaz was denied a COA, and thus he may not appeal the district court's decision absent a grant of a COA by this court. § 2253(c)(1)(A). Because the district court dismissed Rubio-Diaz's petition on procedural grounds and did not reach the merits of his claim, to obtain a COA he must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We conclude that reasonable jurists could not debate the district court's decision to dismiss the petition as time barred. As Rubio-Diaz conceded, his application was untimely, statutory tolling did not apply, and thus absent equitable tolling, his petition was subject to dismissal. In order to prevail on his

request for equitable tolling, Rubio-Diaz bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Rubio-Diaz offers several reasons why pursuit of his rights was difficult, but as the district court concluded, he has failed to establish either diligence or extraordinary circumstances. In particular, he offers no explanation for the nine-month delay between the conclusion of his state court proceedings and the filing of his federal habeas petition. See id. (holding that a petitioner failed to establish diligence when he "sat on [his rights] for five more months after his [state] proceedings became final before deciding to seek relief in federal court"). Because he failed to bear his burden of establishing the prerequisites for equitable tolling, the district court correctly concluded that his petition was time barred.

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Rubio-Diaz's motion to proceed on appeal in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge


- 4 -