**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KYLE KEITH KILGORE,

          Petitioner - Appellant,

v.

ATTORNEY GENERAL OF THE STATE
OF COLORADO; AL ESTEP, Warden,

          Respondents - Appellees,

No. 08-1417
(D. Ct. Colo.)
(D. Ct. No. 1:06-CV-00333-ZLW)

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
APPLICATION FOR CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Kyle Kilgore, a Colorado state prisoner appearing pro se,[1] seeks a certificate of

appealability (COA). He wants to appeal from the denial of his petition for writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254 and moves to proceed *in forma*

*pauperis* (*ifp*) on appeal. Because Kilgore has not "made a substantial showing of the

denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny a COA.

---

[1] We liberally construe Kilgore's pro se filings. *See Ledbetter v. City of Topeka, Kan.*,
318 F.3d 1183, 1187 (10th Cir. 2003).

## I. BACKGROUND

In 1994, Kilgore was convicted of criminal solicitation to commit first degree murder (contracting to kill his wife) and being a habitual criminal. He was sentenced to life imprisonment. The Colorado Court of Appeals affirmed his conviction and sentence. *See People v. Kilgore*, 95CA0166 (Colo. Ct. App. Feb. 20, 1997) (unpublished). The Colorado Supreme Court denied review on October 6, 1997. Between June 19, 1998, and March 12, 2003, Kilgore filed six post-conviction motions, four were denied by the Colorado state courts and two do not appear to have been addressed.[2]

On August 9, 2005, Kilgore attempted to file a habeas corpus action in federal court. The district court concluded his application was deficient and granted him thirty days to file a proper application. Kilgore failed to do so. The court granted two more thirty-day extensions of time. After the third extension, Kilgore requested a stay and abeyance of his application. The court denied this request. On November 21, 2005, the district court dismissed his application without prejudice for failure to cure the deficiency. Kilgore requested reconsideration of the denial of his motion for stay and abeyance; the court denied reconsideration on November 28, 2005. He did not appeal.

_____

[2] The government produced a report showing docket activity in the Colorado state courts. This report shows Kilgore filed a post-conviction motion on June 19, 1998; the motion was denied by the trial court, affirmed on appeal and the Colorado Supreme Court denied certiorari review. On November 13, 2000, he filed a second post-conviction motion; the trial court denied it and the Colorado Court of Appeals dismissed the subsequent appeal. His third and fourth post-conviction motions were filed on January 12, 2001, and August 29, 2001, respectively; the trial court denied both motions and the Colorado Supreme Court ultimately denied certiorari review. The docket report also shows Kilgore filed a post-conviction motion on April 18, 2001, and another on March 12, 2003. The record does not indicate the disposition of either.

On February 6, 2006, Kilgore filed another federal habeas corpus application which he amended on March 17 and May 4 of that year. The district court instructed Kilgore to provide information about his state-court challenges so it could determine whether his petition was filed within the one-year time period required under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d). After three thirty-day extensions, the district court, on its own motion, dismissed Kilgore's petition without prejudice for failure to comply with the court's orders. Kilgore appealed and we reversed, holding that in light of *Jones v. Bock*, 549 U.S. 199 (2007) "the district court cannot dismiss a habeas petition as untimely unless untimeliness is clear from the face of the petition, or unless the state establishes untimeliness as an affirmative defense." *Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008).

On remand, the State moved to dismiss Kilgore's petition and provided documents showing Kilgore's petition was untimely. Upon review of the State's documents, the court determined 501 countable days passed before Kilgore filed his 2006 application for habeas relief. Between January 5, 1998, (the date Kilgore's conviction became final), and June 19, 1998, (the date he filed his first motion for post-conviction relief under Colorado Rule of Criminal Procedure 35(c)), 165 days had passed. Pursuant to 28 U.S.C. § 2244(d)(2), the court tolled the period of time during which Kilgore's post-conviction motions were pending in state court. However, 336 days elapsed between March 7, 2005 (the date the Colorado Supreme Court denied certiorari review of Kilgore's last motion for post-conviction relief) and February 6, 2006 (the date Kilgore filed his current

3

application for habeas review). It rejected Kilgore's argument that his 2005 federal habeas action tolled the limitations period and determined he was ineligible for equitable tolling. The court concluded he failed to file within AEDPA's one-year period of limitations and dismissed his petition as untimely. It also found Kilgore's "efforts . . . do not demonstrate either the existence of an extraordinary situation when circumstances beyond his control prevented him from filing a timely application . . . or diligent efforts to pursue his claims." (R. Vol. I, Doc. 45 at 9.) It therefore determined he was ineligible for equitable tolling. Accordingly, the district court dismissed his action. It also denied his request for a COA, one he renews with this Court.

Kilgore appealed, arguing the district court abused its discretion because it did not properly toll the AEDPA period of limitations or apply equitable tolling.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The district court's procedural dismissal means Kilgore must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

4

that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A.    Calculation of Time Under AEDPA

AEDPA states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1). It allows for the limitations period to be tolled, stating, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Kilgore argues the limitations period should have been tolled under § 2244(d)(2) during the time his 2005 federal habeas action was pending. He also asserts that because two of his state post-conviction motions remain pending in the Colorado courts, the statute of limitations remains tolled until these motions are resolved.[3]

1.    2005 Federal Habeas Action

Kilgore claims the court erred in failing to toll the time during which his 2005 federal habeas action was pending. Kilgore's 2005 federal application is not a form of collateral review sufficient to toll the limitations period under § 2244(d)(2). *See Duncan*

---

[3] Kilgore also claims his first state post-conviction motion was filed on December 30, 1997. The record shows otherwise. Kilgore filed a motion to proceed *ifp* and for a free transcript that date. He did not file his first state post-conviction motion until June 19, 1998.

5

*v. Walker*, 533 U.S. 167, 181 (2001) ("§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition"). Moreover, Kilgore's failure to appeal from the district court's order dismissing his 2005 federal habeas action forecloses further consideration of the issues he now raises regarding that dismissal.

      2.      Unresolved State Post-Conviction Motions

Kilgore also argues the limitations period has remained tolled from the time he filed his first state post-conviction motion because two motions remain pending. He has not produced evidence concerning these allegedly unresolved motions. It is unclear whether they were properly filed or whether they in fact remain pending. Indeed, the docket caption on one of the motions alleges a claim for ineffective assistance of post-conviction counsel, a claim already rejected by the Colorado Court of Appeals. Kilgore did not present this issue to the district court and in fact discussed only the four post-conviction motions resolved by the Colorado courts. Generally, we will not address issues raised for the first time on appeal. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). In spite of our charitable reading of pro se petitions, we see no reason to depart from our general rule here.[4]

B.    <u>Equitable tolling</u>

After the district court correctly concluded Kilgore's habeas application was not

---

[4] Our review of the limited information in the record suggests the motions were untimely under Colorado law. *See* Colo. Stat. Ann. § 16-5-402 (three-year statute of limitations applies to collateral attacks of non-Class 1 felony convictions). Because Kilgore's motions were not timely, they were not "properly filed" so as to toll the period of limitation under § 2244(d)(2). *See Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005).

timely filed, it addressed Kilgore's remaining arguments within the context of equitable tolling. We review a district court's decision to deny equitable tolling for an abuse of discretion. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). Equitable tolling applies only in "rare and exceptional circumstances." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quotations omitted). "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). A petitioner has the burden of establishing that equitable tolling should apply. *Pace*, 544 U.S. at 418.

Kilgore contends his diligent efforts to gather the documents required by the court were thwarted by the State of Colorado's failure to produce documents. He alleges he "was forced to request extensions of time in order to continue his attempts to obtain the [documents]" and he "was doing all he could to obtain the information." (Appellant's Br. at 3, 3c.) Record evidence of these efforts, however, is lacking. Kilgore offers only two letters dated September 25, 2006 - ten months after his 2005 petition was dismissed – where he requested copies of the necessary documents from the Colorado Court of Appeals and the Colorado State Archives - Criminal Records Division. At that time, he was already on his third extension of time for his 2006 habeas action. The district court properly declined to apply equitable tolling.

Kilgore has not shown that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right and the district court was correct in its procedural ruling. He is not entitled to a COA.

7

C.      Motion to Proceed *In Forma Pauperis*

In order to proceed *ifp* on appeal, Kilgore must "show a financial inability to pay the required fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).  Because Kilgore has failed to make a nonfrivolous argument, we deny his request to proceed *ifp*.  He is directed to remit the full amount of the filing fee within twenty days.  *See Kinnell v. Graves,* 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

We **DENY** Kilgore's request for a COA and his motion to proceed *ifp*.  His appeal is **DISMISSED**.

**Entered by the Court:**

**Terrence L. O'Brien**
**United States Circuit Judge**

8