**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHAYNE E. TODD,

        Plaintiff-Appellant,

v.

TOM PATTERSON, Director, Utah
Department of Corrections; LOWELL
CLARK, Director, Division of
Institutional Operations of the Utah
Department of Corrections; STATE
OF UTAH,

        Defendants-Appellees.

No. 10-4069
(D.C. No. 2:04-CV-00984-CW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

Shayne E. Todd, a state prisoner proceeding pro se, appeals the district

court's dismissal of his third amended civil rights complaint for failure to state a

claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's Order to Amend Deficient Complaint. We deny his motion to proceed in forma pauperis (IFP) in this court and dismiss the appeal.

Mr. Todd originally filed a complaint in this action in 2004 and then later amended it. As amended, the complaint asserted that Officer Peterson, who worked in the prison's mail room, unconstitutionally denied Mr. Todd delivery of five books that were, according to the prison's denial notification slip, "of [a] pornographic nature [with] no legit[i]mate literary value," R., Vol. 1, Pt. 1 at 50 (first amended complaint), in violation of prison mail policies.

The district court granted Officer Peterson summary judgment based on qualified immunity; dismissed Mr. Todd's claim for injunctive relief because Officer Peterson lacked authority to grant the relief sought; and dismissed Mr. Todd's claim for declaratory judgment because Officer Peterson was not in a position to defend the validity of prison regulations or state statutes. But instead of dismissing the case in its entirety, the district court instructed Mr. Todd that if he wanted "to pursue his claims for declaratory and injunctive relief he must promptly[, within thirty days,] move to amend his Complaint to name a proper defendant." *Id.*, Vol.1, Pt. 2 at 311. Mr. Todd did so.

After the district court ordered service of the second amended complaint, and the new defendants answered, the district court determined that the second amended complaint was deficient. The court detailed the second amended complaint's deficiencies, told Mr. Todd how to cure the deficiencies, ordered the

Clerk's office to mail him a copy of the Pro Se Litigant Guide, and warned him that if he failed to timely cure the noted deficiencies according to the court's instructions the action would be dismissed without further notice. The district court gave Mr. Todd thirty days to comply with its Order to Amend Deficient Complaint.

The thirty-day deadline passed without Mr. Todd filing any materials. Two months later, Mr. Todd moved for an extension of time to amend the second amended complaint or, in the alternative, to strike the district court's Order to Amend Deficient Complaint. Then, without waiting for defendants' response or the court's ruling on his motion for extension of time, Mr. Todd filed another amended complaint—his third—naming Tom Patterson, Lowell Clark, and the State of Utah as defendants. These defendants moved to dismiss for failure to file in a timely manner and for failure to comply with the district court's directives. Mr. Todd did not respond to the defendants' motion. Ultimately, the district court granted the defendants' motion and dismissed Mr. Todd's third amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with the court's Order to Amend Deficient Complaint. This appeal followed.

We review de novo the district court's dismissal of a prisoner's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "[W]e must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quotation omitted). "[W]e look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quotation omitted). We review for an abuse of discretion the district court's dismissal of an action for failure to comply with a court order. *Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1086 (10th Cir. 2008). "A district court abuses its discretion when its decision is based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *Id.* (quotation omitted).

In Mr. Todd's pro se appellate brief, which we afford a liberal construction, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), he repeats his assertion that his First Amendment rights were violated when certain books were not delivered to him. But the only statement he submits that even remotely challenges the district court's dismissal of his third amended complaint is his contention that "[p]risoners are entitled to an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the record and complaint that the deficiency cannot be overcome." Aplt. Opening Br. at 4.

-4-

Having reviewed the record, the parties' appellate materials, and the relevant legal authority, we hold that the district court's dismissal order is unassailably correct. Mr. Todd has not put forth a reasoned, non-frivolous argument to the contrary, and we deny IFP and dismiss the appeal. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B)(i). Additionally, we note that because we are "dismiss[ing] as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes" against Mr. Todd under 28 U.S.C. § 1915(g). *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

We DENY IFP, DISMISS the appeal, and ORDER Mr. Todd to pay the full appellate filing fee.

Entered for the Court

Wade Brorby
Senior Circuit Judge