**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MATTHEW GREGORY
MELANDER,

Petitioner - Appellant,

v.

STATE OF WYOMING; WYOMING
ATTORNEY GENERAL,

Respondents - Appellees.

No. 16-8056
(D.C. No. 2:16-CV-00090-ABJ)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

Matthew Melander seeks to appeal the district court's dismissal of his 28

U.S.C. § 2254 motion as untimely. We construe Melander's notice of appeal as a

request for a Certificate of Appealability[1] (COA), which we deny.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] Melander's appeal is subject to the Antiterrorism and Effective Death
Penalty Act (AEDPA), which states that an appeal may not be taken from the
denial of a petition for habeas corpus relief from state detention "[u]nless a circuit
justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1).

# I

Melander pleaded guilty in Wyoming state court to one felony count of driving while under the influence, in violation of Wyo. Stat. Ann. § 31-5-233. He was sentenced to four to seven years' imprisonment. After unsuccessful state court attempts to obtain relief from his conviction, he filed the instant petition for habeas corpus relief under 28 U.S.C. § 2254. Melander claims: (1) his First, Fifth, and Sixth Amendment rights were violated because his petitions for relief were dismissed; (2) he is innocent of the charges against him, and a miscarriage of justice will occur if his claims are not heard on their merits; (3) his guilty plea was invalid and involuntary due to ineffective assistance of counsel; (4) there was a violation of the Supreme Court's rule in Brady v. Maryland, 373 U.S. 83 (1963); and (5) he provided no factual basis for his guilty plea. Upon initial review, the district court dismissed the petition as untimely, and did not reach the merits of Melander's constitutional claims.

# II

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 478 (2000). The Supreme Court has therefore

2

created a two-step threshold inquiry. Gibson v. Klinger, 232 F.3d 799, 802 (10th Cir. 2000). In the present matter, jurists of reason would not disagree with the district court's procedural ruling. We therefore need not decide whether reasonable jurists would disagree regarding Melander's underlying claims.

Section 2244(d) establishes a one-year statute of limitations for habeas petitions seeking relief from state-court convictions. The limitations period begins upon the latest of one of these four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In Melander's case, he does not assert any impediments, newly recognized rights, or newly discovered factual predicates, nor are any of these conditions evident from the record.[2] Therefore, for our purposes,

---

[2] After Melander filed this appeal, he filed additional motions in district court to stay the appeal and "to File a Second 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus." ROA Vol. 1 at 86–87. In these motions, Melander claims that he did not discover the factual predicate of the alleged Brady violation until

(continued...)

§ 2244(d)(1)(A) determines the accrual date for the statute of limitations.

Judgment was entered in Albany County District Court on June 14, 2013. ROA

Vol. 1 at 4. This judgment became final on July 14, 2013[3], when the time for the

filing of Melander's direct appeal expired. 28 U.S.C. § 2244(d)(1)(A); Gonzales

v. Thaler, 132 S. Ct. 641, 654 (2012); Wyo. R. App. P. 2.01.

Once the limitations period accrues, it can be tolled for "[t]he time during

which a properly filed application for State post-conviction or other collateral

review . . . is pending." 28 U.S.C. § 2244(d)(2); Day v. McDonough, 547 U.S.

198, 201 (2006); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

Melander filed a motion to withdraw his guilty plea in Albany County District

Court on April 2, 2014. ROA Vol. 1 at 23. The district court did not rule on this

motion and Melander appealed to the Wyoming Supreme Court. Id. at 29–30.

---

[2](...continued)
August 12, 2015, which would place his habeas petition within the statute of limitations. Id. at 87; 28 U.S.C. § 2244(d)(1)(D). However, prior to the case being submitted to the panel, Melander "rescinded" these motions because "his impressions of law at the time" he made the motion "were not accurate." See Notice Rescinding Mots. at 1 (filed June 13, 2016). The district court dismissed the motions without prejudice. ROA Vol. 1 at 107–08. Even if we were to consider the content of these motions, Melander's filings reveal that he was aware of any factual predicate for the alleged Brady violation at the time he pleaded guilty. He argues that the state failed to provide him with the results of his blood-alcohol test. But Melander would have known at the time of his plea that he had not seen those results, and he knew of their existence because it was a topic of discussion during the proceedings leading to his plea. See Aplt. Br. at 5.

[3] Melander apparently attempted to file a direct notice of appeal in Wyoming court on July 1, 2013, but failed to pay filing fees or apply for in forma pauperis status. ROA Vol. 1 at 5. As a result, no appeal was ever commenced.

4

The supreme court dismissed the motion on October 22, 2014.  Id. at 21, 29–30.

Construing this motion in the light most favorable to Melander as a properly filed

application for State post-conviction review, we conclude that this state-court

motion tolled the § 2244 limitations period.  See Burger, 317 F.3d at 1138.  When

Melander filed this motion, 262 days of the limitations period had elapsed (from

July 14, 2013 to April 2, 2014).  Consequently, as of October 22, 2014, Melander

had 103 days remaining, or until February 2, 2015, to file either his § 2254 habeas

petition or another properly filed application for post-conviction relief in state

court.  Melander filed neither.  He filed his present petition for § 2254 habeas

relief on April 29, 2016.  ROA Vol. 1 at 2.  Although Melander filed at least two

other motions in state court after February 17, 2015, these applications cannot

"revive" the expired statute of limitations.  See Clark v. Oklahoma, 468 F.3d 711,

714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within

the one year allowed by AEDPA will toll the statute of limitations.").

Given this timeline, the district court dismissed Melander's petition upon

initial review.  ROA Vol. 1 at 58–63.  Reasonable jurists would not disagree that

this was the correct procedural ruling.  Habeas Rule 4 states:

> If it plainly appears from the petition and any attached exhibits that
> the petitioner is not entitled to relief in the district court, the judge
> must dismiss the petition and direct the clerk to notify the petitioner.
> If the petition is not dismissed, the judge must order the respondent
> to file an answer, motion, or other response within a fixed time, or to
> take other action the judge may order.

5

28 U.S.C. § 2254 Rule 4; see also Kilgore v. Attorney Gen. of Colorado, 519 F.3d 1084, 1085 (10th Cir. 2008). This rule applies to the timeliness of a petition. See Day, 547 U.S. at 207–09. Melander argues that the district court erred by not affording him an additional opportunity to address the timeliness of his petition before dismissing it, relying on Day. But here, Melander did not need additional notice as he was aware at the time he filed his petition that he would have to overcome the statute of limitations. ROA Vol. 1 at 4 (arguing in his petition that "[t]he limit of one year . . . is insufficient to protect . . . the petitioner's constitutional rights").

Melander also asserts that he is actually innocent, id., apparently attempting to rely on McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" when he faces an "expiration of the [§ 2254] statute of limitations."). Melander claims he was actually innocent of driving while under the influence because, when he awoke after consuming alcohol the night before, he thought he was no longer under the influence. ROA Vol. 1 at 4, 47–48. He claims he therefore lacked the mens rea required to be convicted for driving under the influence that morning. Id. But the crime to which Melander pled guilty does not require that he knew he was under the influence:

> No person shall drive or have actual physical control of any vehicle within this state if the person: (i) Has an alcohol concentration of eight one-hundredths of one percent (0.08%) or more; (ii) Has an

6

alcohol concentration of eight one-hundredths of one percent (0.08%) or more, as measured within two (2) hours after the time of driving or being in actual physical control of the vehicle following a lawful arrest resulting from a valid traffic stop.

Wyo. Stat. Ann. § 31-5-233(b). Therefore, even if we accept the facts as he alleges, he would not be innocent of this crime.

Finally, Melander argues that the one-year statute of limitations is unfair and should not be enforced. Aplt. Br. at 2–4. He again attempts to rely on Day, arguing that it stands for the proposition that there can be no time limit on the writ of habeas corpus. He misreads the opinion. The dissenting opinion on which Melander relies only notes that there was no statute of limitations *prior* to the enactment of the AEDPA, as codified in § 2244(d), and that the AEDPA represented a significant change which the courts have consistently upheld. Day, 547 U.S. at 214–15 (Scalia, J., dissenting). Contrary to Melander's reading, the Day Court held "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition" under the § 2244 statute of limitations. Id. at 209.

## III

Reasonable jurists would not disagree that Melander's petition for habeas relief is barred by the statute of limitations.  We therefore deny a COA and dismiss the matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge