TRAXLER, Circuit Judge, concurring in part and dissenting in part:
I concur in Section II.A. of the majority's opinion. I agree that the district court properly took judicial notice of the online state court dockets to determine the timeliness of Mr. Paez's petition for habeas relief under 28 U.S.C. § 2254. I also agree that the best practice would be for the magistrate judge to attach copies of the records that were relied upon in making the report and recommendation. With respect, however, I dissent from the majority's holding that the district court abused its discretion in dismissing Mr. Paez's § 2254 petition as untimely without first determining whether the claims were meritorious and then requiring the State to affirmatively respond on the timeliness issue.
Through 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Proceedings, Congress made clear that § 2254 petitions should be expeditiously evaluated by district courts and summarily dismissed without requiring a response by the state when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, R. 4. If so, "the judge must dismiss the petition and direct the clerk to notify the petitioner" of the summary action. Id. If not, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. Copies of the petition and any order are served "on the respondent and on the attorney general or other appropriate officer of the state involved." Id.
Mr. Paez initiated his § 2254 petition by completing the standard form habeas petition (Form AO 251 (Rev. 01/15)). The Form instructs the petitioner that, "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Doc. 1: 14. Mr. Paez answered simply, and without explanation, that "[t]he present petition is timely filed." Id. The Criminal Appeals Division of the Florida Attorney General was designated for notifications of action by electronic mail and, as is not uncommon, the petition was immediately assigned to a magistrate judge to conduct the preliminary review under Rule 4. The magistrate judge reviewed the § 2254 petition, took judicial notice of the state court docket, and determined that the petition was filed beyond the one-year limitations period established by Congress in 28 U.S.C. § 2244(d)(1)-(2).
*1312 Accordingly, a report and recommendation was prepared for the district court, recommending summary dismissal after outlining the pertinent dates which demonstrated the untimeliness of the petition. Mr. Paez was provided with a copy of the report and recommendation. The magistrate judge's action was also docketed, and the docket entry likewise reflected the summary recommendation "that this petition for writ of habeas corpus be summarily dismissed with prejudice as time-barred pursuant to ... § 2244(d)(1)-(2)." DS: 4. Mr. Paez filed objections to the report and recommendation, but he did not contest the dates of his state court proceedings relied on by the magistrate judge to show untimeliness, nor did he indicate any inability to verify the information in the state docket sheets. The district court agreed with the magistrate judge's recommendation and dismissed the petition.
In my opinion, Mr. Paez was provided all the required notice and opportunity to be heard on the issue of timeliness, and neither Rule 4 nor the Supreme Court's decision in Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), required the district court to consider the merits of the claims first, or to obtain a response from the State before dismissing the petition as plainly insufficient.
First, Rule 4 does not textually restrict summary dismissals to merits-based deficiencies. As noted above, the district court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, R. 4; see also Kilgore v. Attorney Gen. of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008) (A petition may be dismissed under Rule 4 for untimeliness if it is "clear from the face of the petition itself."). If such a deficiency is not apparent at the initial screening stage, the district court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rules Governing § 2254 Cases, R. 4. This latter directive "afford[s] the judge flexibility in a case where either dismissal or an order to answer may be inappropriate. For example, the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by the respondent, which may show" a procedural deficiency and, thereby, "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." Rules Governing § 2254 Cases, R. 4 comm. n.; see also Day, 547 U.S. at 207 & n.6, 126 S.Ct. 1675. In my view, this flexibility to order a limited response based upon additional information furnished by the respondent does not detract from the purpose of Rule 4. The district judge must still summarily dismiss the petition if it is apparent from the face of the petition, its exhibits, and any dates of which the court properly takes judicial notice, that the petition is untimely. So long as the petitioner has had notice and an opportunity to respond to the procedural deficiency, the judge must dismiss the petition and may do so without first examining the substantive merits of the claims.
Nor, in my view, does the Supreme Court's decision in Day require the judge to order the State to respond to the timeliness issue, and either affirmatively assert or waive the defense, before the court dismisses the action at the Rule 4 screening stage. The pertinent question in Day was "whether a federal court lacks authority, on its own initiative, to dismiss a habeas petition as untimely, [if] the State has answered the petition without contesting its timeliness," 547 U.S. at 202, 126 S.Ct. 1675, or has erroneously conceded the timeliness issue, see *1313 id. at 205, 126 S. Ct. 1675. This quite different posture raised questions as to whether the State meant to waive its limitations defense, or merely overlooked it; whether the petitioner would be "significantly prejudiced by the delayed focus on the limitation issue"; and whether the "interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." Id. at 210, 126 S. Ct. 1675 (internal quotation marks omitted). As the Court explained, the threshold barriers to habeas relief (the limitations defense, exhaustion of state remedies, procedural default, and nonretroactivity) "implicate values beyond the concerns of the parties," such as "judicial efficiency and conservation of judicial resources, safeguard[ing] the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lend[ing] finality to state court judgments within a reasonable time." Id. at 205-06, 126 S. Ct. 1675 (internal quotation marks and alteration omitted). Rather than adopt "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run, or, at the opposite extreme, a rule treating the State's failure initially to plead the one-year bar as an absolute waiver," the Court adopted an "intermediate approach" that allows, but does not require, the court to sua sponte raise the statute of limitations bar, id. at 208, 126 S. Ct. 1675, provided the court also considers the additional concerns that are present when the state has forfeited the defense by failing to raise it in its answer. In sum, " Day create[d] an exception to the general rule of forfeiture, and thus allows a court to consider untimeliness when the state has failed to plead this defense." Kilgore, 519 F.3d at 1089.
This case involves the quite different question of whether the district court may dismiss a habeas petition as plainly insufficient at the Rule 4 screening stage of the § 2254 proceedings, before the government had filed a response at all and after the petitioner was provided with notice of the statute of limitations and the recommendation that the petition should be dismissed on that basis. See Kilgore, 519 F.3d at 1089 (observing that " Day does not determine ... whether a district court may, on its own initiative, dismiss an application as untimely before the state responds"). As noted above, I believe that it can, so long as (1) it is clear from the face of the petition, attached exhibits, and judicially noticeable facts, that the petition is untimely, and (2) the petitioner is given notice and an opportunity to dispute the untimeliness of the petition.[1]
Here, Mr. Paez was provided ample notice and opportunity to explain why his petition was timely in his Form petition and again when he was given the opportunity to respond to the magistrate judge's report and recommendation that the petition be summarily dismissed as untimely. Moreover, the Attorney General was notified of the court's action, had an opportunity to respond (including an opportunity to inform the district court of any intention to waive the timeliness defense), and remained silent. And to this day, no one *1314 contests that the petition was untimely, and the State has never indicated a desire to waive the limitations bar.
For these reasons, I see no abuse of discretion by the district court under Rule 4 or the Supreme Court's decision in Day . Mr. Paez was given "due notice and a fair opportunity to show why the limitation period should not yield dismissal of the petition," and "nothing in the record suggests that the State 'strategically' withheld the defense or chose to relinquish it." Day, 547 U.S. at 210-11, 126 S.Ct. 1675. In my view, all parties' rights were accommodated under 28 U.S.C. § 2243, Rule 4, and Day , and the system worked just as Congress intended.

Day appears to contemplate this interpretation of the Rule as well. Petitioner Day argued that the district court lost authority to sua sponte raise AEDPA's time bar once an answer has been ordered and filed by the State. "Were we to accept Day's position," the Court noted, "courts would never (or, at least, hardly ever) be positioned to raise AEDPA's time bar sua sponte," because "information essential to the time calculation is often absent ... until the State has filed, along with its answer, copies of documents from the state-court proceedings." Day v. McDonough, 547 U.S. 198, 207 n.6, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). Here, that information was available at the initial screening stage, requiring no response from the State.